**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **CASE NO. 18-206 (RMC)** |
| | : | |
| **GUSTAVO MAHUA ENVELA,** | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this memorandum to aid the Court in its sentencing decision. On August 28, 2018, the defendant pled guilty to Count One of a two-count Criminal Information charging him with Forcibly Thrusting Papers and Other Garbage Upon Diplomatic Property with Intent to Harass, in violation of 18 USC § 970(b). Sentencing is scheduled for November 27, 2018 at 10:00 a.m. The defendant was arrested on or about June 25, 2018 and was released the same day subject to conditions.

I.   **Legal Standard**

Section 3553(a) of Title 18 of United States Code sets out factors a Court must consider in determining an appropriate sentence. In weighing the § 3553(a) factors as part of its calculus of an appropriate sentence, the Court should consider not only the nature and circumstances of the offense and the history and characteristics of the defendant, but also the applicable sentencing objectives – that is, that the sentence: (1) reflect the seriousness of the offense; (2) promote respect for the law; (3) provide just punishment; (4) afford adequate deterrence; (5) protect the public; and (6) effectively provide the defendant with needed educational or vocational training and medical

care.  *See* 18 U.S.C. § 3553(a)(1) and (2).   In addition, the sentence should reflect "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."  18 U.S.C. § 3553(a)(6).  The defendant in this case faces a maximum sentence of imprisonment of six months.

## II.     Analysis of Factors Enunciated in 18 U.S.C. § 3553(a)

As discussed in detail below, an analysis of the factors enunciated in 18 U.S.C. § 3553(a) demonstrates that the imposition of a sentence of one year supervised probation is appropriate in this case.

### A.     The Nature and Circumstances of the Offense

The defendant is a national and citizen of Equatorial Guinea.  On or about June 4, 2018, the defendant entered the premises of the Embassy of Equatorial Guinea ("Embassy"), located at 2020 16th Street NW, Washington, D.C, despite previous warnings by Embassy personnel that he was not permitted on Embassy property.  After entering the Embassy's premises without permission, the defendant proceeded to litter Embassy property with garbage and paper.  The defendant had previously trespassed and littered Embassy property with garbage and paper on at least four occasions. The defendant also mailed a document to the Embassy on May 5, 2018, on which he wrote "Gustavo Envela keeps his promises."  The document shows what appears to be a man holding a dead body.  The defendant's face is superimposed over the man holding the body, while the face of President Teodoro Obiang of Equatorial Guinea is superimposed over the dead body.  The photo's caption was hand-written in Spanish and roughly translates to "No more Obiang. Gustavo Envela has Teodor Obiang's head in his hands."

### B. The History and Characteristics of the Offender

The defendant's criminal history includes several charges and a conviction for similar conduct. The defendant was convicted on October 27, 2015, in the Magisterial District Court of Alleghany, Pennsylvania, for the offense of Criminal Trespass, the details of which are described in the draft Presentence Investigation Report. ECF No. 17 at 9. The Defendant has also been charged three times in Maryland for committing offenses of a similar nature. Two of the charges – violating a protective order and sending harassing emails – resulted in a *nolle prosequi*, however the defendant currently has an outstanding warrant on the third charge, again for sending harassing emails. Additional details regarding the defendant's criminal history are set forth on pages 7-9 of the draft Presentence Investigation Report. ECF No. 17.

### C. The Need to Promote Respect for the Law, to Provide Just Punishment, to Afford Adequate Deterrence, and to Protect the Public

A sentence of one year supervised probation will help deter the Defendant from engaging in these types of offenses and provide just punishment for his behavior. The Defendant has been on supervised release for approximately six months without incurring additional charges and without continuing his harassment of Embassy personnel. An additional year of monitoring and supervision will give the Defendant the opportunity to further demonstrate his willingness and ability to refrain from harassing and intimidating those with whom he disagrees. Alternatively, if the Defendant fails to comply with the conditions of his supervision, he will face revocation of his probation and possible resentencing by this Court. Such a sentence protects the public from recidivism by the Defendant and serves as just punishment for his offense.

### III. Conclusion

For the foregoing reasons, as well as any others that may be cited at the sentencing hearing, the Government believes that a sentence of one year supervised probation will reflect the defendant's speedy decision to take responsibility for his actions as well as the seriousness of his offense.

Respectfully submitted,

JESSIE K. LIU
UNITED STATES ATTORNEY

By: /s/ Elizabeth M. Dewar
Elizabeth M. Dewar
Special Assistant United States Attorney
Virginia Bar Number 85682
United States Attorney's Office
555 Fourth Street NW
Washington, DC 20530
Telephone: (202) 252-7215
Email: elizabeth.dewar@usdoj.gov